UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA W. TRUEMAN, *Individually* and *in her capacity as* THE ADMINISTRATRIX OF THE ESTATE OF EDWARD J. TIGHE, JR.; and KEVIN TRUEMAN<br>    *Plaintiffs* | :<br>:<br>:<br>:<br>:<br>: |
| v. | : CIVIL ACTION NO: |
| SITEONE LANDSCAPE SUPPLY, LLC<br>    *Defendant* | :<br>:<br>: |

# COMPLAINT

## Parties

1. Plaintiff Lisa W. Trueman is a resident of the Town of Tolland, County of Tolland, State of Connecticut. She is the Administratrix of the Estate of Edward J. Tighe, Jr., and brings this action in her individual capacity and in her capacity as the Administratrix of the Estate of Edward J. Tighe, Jr.

2. Plaintiff Kevin Trueman is a citizen and resident of the Town of Tolland, County of Tolland, State of Connecticut.

3. Defendant SiteOne Landscape Supply, LLC (SiteOne), is a Limited Liability Company organized under the laws of Delaware with a principal place of business located in Roswell, Georgia.

## Jurisdiction and Venue

4. This court has jurisdiction over this action pursuant to 28 U.S.C. Sec. 1332(a), as this civil action is between parties of diverse citizenship and the amount in controversy exceeds $75,000.00.

5. The Court has personal jurisdiction over the defendants because the defendants solicit, transact, and/or do business in this district, and because a substantial part of the relevant events occurred in this district.

6. Venue in this District is proper under 28 U.S.C. § 1391 as the events or omissions giving rise to the claim occurred within this District.

**Facts**

7. At all times relevant hereto, nonparty Powerscreen Connecticut, Inc., d/b/a Powerscreen New England (Powerscreen) employed Edward J. Tighe, Jr. (Tighe), as one of its mechanics.

8. On or before October 29, 2020, SiteOne leased a Backers 3-TAL machine (the machine) from nonparty Powerscreen, which was used by SiteOne to screen materials at a business location at 415 American Legion highway, Boston, Massachusetts, a location known as the SiteOne Boston Yard.

9. At all times relevant hereto, the Site One Boston Yard was controlled and used by SiteOne for its business purposes, which included the use of equipment and machinery to screen materials such as compost, stones, rubble, excavated earth in connection with the work at the site.

10. At all times relevant hereto, SiteOne had control over all work being done at its request at its Boston Yard, which included the operation, supervision, management, and control of the machine.

11. At all times relevant hereto, SiteOne had the duty to ensure and protect the safety of individuals, employees, guests, and independent contractors present and/or working at the SiteOne Boston Yard.

12. SiteOne and its employees, agents, and servants exercised exclusive use, possession and control of the machine from the date it leased said machine from Powerscreen, through and including October 29, 2020.

13. At all times relevant hereto, William Banda was SiteOne's employee, agent, and/or servant. In furtherance of SiteOne's objectives, he operated and repaired heavy equipment at the SiteOne Boston Yard, including the machine.

14. On October 29, 2020, Banda contacted a representative at Powerscreen to request repair services because the machine was not working properly.

15. In response to Banda and SiteOne's request, Tighe was directed to go to SiteOne's Boston Yard to meet with Banda at the machine.

16. Upon arrival at SiteOne's Boston Yard, Tighe met with Banda and the representative from Powerscreen, and was directed to replace a broken chain on the machine.

17. While conducting repairs on the machine, Tighe stood on one of the conveyor belts located on the machine, and performed repair work on a chain of a higher conveyor belt.

18. While Tighe was working upon the conveyor belt, Banda suddenly and without warning began operating the machine, causing the conveyor belt to begin moving under Tighe's feet.

19. Banda's actions caused the conveyor belt that Tighe was standing on to start running underneath his feet and he was then thrown to the ground.

20. Banda had not been properly trained by SiteOne to safely operate the machine.

21. When Banda negligently and carelessly caused the conveyor belt to start he breached a duty of care he owed to Tighe.

22. Banda's actions, and the actions or omissions of SiteOne's employees, agents, and servants were negligent, unreasonable, and violated the duty of care they owed to Tighe.

23. SiteOne was aware of the risks posed by the negligent operation of the machine by its employees such as Banda, and it knew or should have known that negligent operation of the machine by Banda could lead to significant and severe injuries up to and including death.

24. Although it was aware of such risks, SiteOne did not have a policy, practice, procedure, or protocol to prevent the operation of machinery like the machine by its employees while such machines are under repair. SiteOne's lack of corporate policy, practice, procedure, and protocols to prevent a SiteOne employee, including but not limited to Banda from operating the machine while it was under repair was negligent and breached the duty owed to individuals such as Tighe on October 29, 2020.

25. Tighe suffered severe injuries when he was thrown to the ground due to the negligent and unreasonably unsafe operation of the machine by Banda, which led to conscious pain, suffering, mental anguish, and distress, and which ultimately caused his death on October 29, 2020.

26. Tighe's injuries, pain, suffering, mental anguish, distress, and death were the direct result of SiteOne's negligence in one or more of the following ways:

    (a) SiteOne was responsible for the negligent acts and omissions of its employees, agents, and servants, including but not limited to Banda;

    (b) Site One negligently and carelessly allowed its employee, agent, and servant, William Banda, to participate in the repairs of the machine and to operate the machine when they knew or should have known that he was not qualified or trained properly to do so, contrary to generally accepted industry standards;

    (c) SiteOne failed to ensure a safe working environment and working conditions for Tighe on the machine;

(d) SiteOne failed to properly train and supervise Banda and its other employees, agents, and servants in the safe operation of the machine, contrary to generally accepted industry safety standards;

(e) SiteOne did not assign an authorized, competent and qualified person to insure that proper safety protocols were being followed while the repairs to the machine were being performed, in violation of generally accepted industry safety standards;

(f) SiteOne breached generally accepted safety standards because its employees, agents, and servants including, but not limited to, Banda, started the machine's conveyor belt without first warning Tighe and without waiting until Tighe was clear of the conveyor belt;

(g) SiteOne failed to properly train Banda as to his duties to follow safe procedures, and protocols designed to prevent the dangerous activation of the machine's conveyor belt, contrary to generally accepted industry safety standards, such as those set forth in 29 CFR Sec. 1910.147(c)(7);

(h) SiteOne failed to establish a program consisting of energy control procedures, employee training, and periodic inspections to ensure that any employee performing any servicing or maintenance on a machine or equipment where the unexpected energizing, start up or release of stored energy could occur and cause injury, the machine or equipment shall be isolated from the energy source, and rendered inoperative, contrary to generally accepted industry safety standards such as those set forth in 29 C.F.R. 1910.147 (c)(1) and 29 C.F.R. 1910.147(d)(6);

(i) SiteOne failed to ensure that its employees, including Banda, shared SiteOne's LOTO policies, procedures, and protocols with Powerscreen's employees, including but not limited to Tighe, in violation of generally accepted industry safety standards, such as those set forth in 29 C.F.R. Sec. 1910.147(f)(2)(i);

(j) SiteOne failed to ensure that its employees, including Banda, understood and complied with Powerscreen's LOTO policies, procedures, and protocols, in violation of generally accepted industry safety standards, such as those set forth in 29 C.F.R. Sec. 1910.147(f)(2)(ii);

(k) SiteOne failed to conduct and document periodic inspections of its LOTO policies, procedures, and protocols to ensure that Banda and its other employees were in compliance with the same, contrary to generally accepted industry safety standards such as those set forth by 29 C.F.R. Sec. 1910.147(c)(6)

27. Defendant SiteOne's conduct and that of its employees, agents, and servants causing the death of Tighe was grossly negligent, malicious, willful, wanton, and reckless.

## **COUNT I**
*Negligence*
*Defendant SiteOne Landscape Supply, LLC*

28. The plaintiffs repeat Paragraphs 1 through 27 of the Complaint, which are incorporated by reference as if fully set forth herein.

29. As a direct and proximate result of defendant SiteOne's negligence, Tighe suffered significant and permanent personal injuries, and died on October 29, 2020.

30. By reason of the foregoing, Tighe suffered severe injuries to his mind and body, nerves, nervous system, and endured extreme pain and suffering, which damages are recoverable by his Estate under Massachusetts law.

31. By reason of the foregoing, funeral and burial expenses were incurred, which damages are recoverable by the estate of Tighe under Massachusetts law.

32. By reason of the foregoing, Tighe's wife Lisa W. Trueman suffered the loss of his services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice, which damages are recoverable on her behalf in this action under Massachusetts law

33. By reason of the foregoing, Tighe's estate and beneficiaries otherwise suffered damages recoverable in this action as permitted in accordance with Massachusetts law and the Massachusetts Wrongful Death Statute, Mass. Gen. Laws ch. 229, § 2.

WHEREFORE, Plaintiff Lisa W. Trueman, in her Individual Capacity and in her Capacity as the Administratrix of the Estate of Edward J. Tighe, Jr., demands judgment against defendant SiteOne Landscape Supply, LLC for compensatory and punitive damages, interests, costs, and attorneys' fees in an amount that, exclusive of interest and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

## **COUNT II**
*Corporate Liability*
*Defendant SiteOne Landscape Supply, LLC*

34. The plaintiffs repeat Paragraphs 1 through 27 of the Complaint, which are incorporated by reference as if fully set forth herein.

35. Defendant SiteOne owed a duty to Tighe and others using and working on or with the machine to create, promulgate, and enforce policies, practices, procedures, and/or protocols that established safe standards for the use, operation, and repair, of the machine.

36. Defendant SiteOne breached its duty as set forth above and was otherwise negligent in the supervision, management, and governance over the operation and repair of the machine.

37. As a direct and proximate result of defendant SiteOne's negligence, Tighe suffered significant and permanent personal injuries, and died on October 29, 2020.

38. By reason of the foregoing, Tighe suffered severe injuries to his mind and body, nerves, nervous system, and endured extreme pain and suffering, which damages are recoverable by his Estate under Massachusetts law.

39. By reason of the foregoing, funeral and burial expenses were incurred, which damages are recoverable by the estate of Tighe under Massachusetts law.

40. By reason of the foregoing, Tighe's wife Lisa W. Trueman suffered the loss of his services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice, which damages are recoverable on her behalf in this action under Massachusetts law

41. By reason of the foregoing, Tighe's estate and beneficiaries otherwise suffered damages recoverable in this action as permitted in accordance with Massachusetts law and the Massachusetts Wrongful Death Statute, Mass. Gen. Laws ch. 229, § 2.

WHEREFORE, Plaintiff Lisa W. Trueman, in her Individual Capacity and in her Capacity as the Administratrix of the Estate of Edward J. Tighe, Jr., demands judgment against defendant SiteOne Landscape Supply, LLC for compensatory and punitive damages, interests, costs, and attorneys' fees in an amount that, exclusive of interest and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

### COUNT III
*Vicarious Liability*
*Defendant SiteOne Landscape Supply, LLC*

42. The plaintiffs repeat Paragraphs 1 through 27 of the Complaint and Counts I through IV, which are incorporated by reference as if fully set forth herein.

43. At all times relevant hereto, William Banda and other SiteOne employees at the SiteOne Boston Yard were employees, agents and/or servants of SiteOne acting within the scope of their employment.

44. SiteOne was, at all relevant times, responsible for the acts of its agents, servants and employees, including but not limited to the negligent acts of William Banda as set forth above.

45. As a direct and proximate result of the negligence of SiteOne's employees, and of the malicious, willful, wanton, or reckless conduct of the defendant, SiteOne, its employees, and/or by the gross negligence as aforesaid, Tighe suffered severe personal injuries which led to his death on October 29, 2020.

46. By reason of the foregoing, Tighe suffered severe injuries to his mind and body, nerves and nervous system, and endured extreme pain and suffering, which damages are recoverable by his estate under Massachusetts law.

47. By reason of the foregoing, funeral and burial expenses were incurred, which damages are recoverable by the estate of Tighe under Massachusetts law.

48. By reason of the foregoing, Tighe's wife, Lisa Trueman, suffered his lost services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice, which damages are recoverable on her behalf in this action under Massachusetts law.

49. By reason of the foregoing, Tighe's estate and beneficiaries otherwise suffered damages recoverable in this action as permitted in accordance with Massachusetts law and the Massachusetts Wrongful Death Statute, MASS. GEN. LAWS ch. 229 § 2.

WHEREFORE, plaintiff Lisa W. Trueman, in her Individual Capacity and in her Capacity as the Administratrix of the Estate of Edward J. Tighe, Jr., demands judgment against defendant SiteOne Landscape Supply, LLC for compensatory and punitive damages, interests, costs, and attorneys' fees in an amount that, exclusive of interest and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

## COUNT IV
*Negligent Infliction of Emotional Distress*
*Defendant SiteOne Landscape Supply, LLC*

50. Plaintiff Kevin Trueman repeats Paragraphs 1 through 27 of the Complaint, which are incorporated by reference as if fully set forth herein.

51. Plaintiff Kevin Trueman witnessed Tighe being thrown to the ground from the machine and witnessed Tighe's conscious pain and suffering as Tighe lay on the ground near the machine.

52. Plaintiff Kevin Trueman knew the injuries and death of Tighe were caused by the defendant's negligence.

53. As a direct and proximate result of the wrongful acts and omissions of defendant SiteOne Landscape Supply, LLC and its employees, agents and servants, plaintiff Kevin Trueman has experienced severe emotional pain and distress, which has caused physical symptoms, including but not limited to severe emotional and psychological distress, anxiety, depression, sleeplessness, night terrors, nightmares, diminished appetite and food intake, and behavioral problems.

WHEREFORE, Plaintiff Kevin Trueman demands judgment against defendant SiteOne Landscape Supply, LLC for compensatory and punitive damages, interests, costs, and attorneys' fees in an amount that, exclusive of interest and costs, exceeds the jurisdictional minimum of this Honorable Court, and whatever further relief this Honorable Court deems just.

## JURY DEMAND

The plaintiffs hereby make a demand for a trial by jury on each claim asserted or hereafter asserted by the plaintiffs and of each defense asserted or hereafter asserted by the defendant.

Plaintiffs,
By their Attorneys,

/s/ Amato A. DeLuca
Amato A. DeLuca (BBO 638548)
**DeLUCA & ASSOCIATES, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax
bud@delucaandassociates.com

DATE: March 16, 2022